UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER F. DAVEY,

                Plaintiff,

      -against-

REGINA A. DOLAN and MARY R. DAVEY,

            Defendants.

05 Civ. 5513 (RJH

**MEMORANDUM OPINION AND ORDER**

---

      Plaintiff Peter F. Davey ("plaintiff"), an attorney proceeding *pro se*, brings this diversity action against defendants Regina A. Dolan and Mary R. Davey.  The Complaint alleges various claims for relief relating to the events surrounding his divorce.  Defendants have moved separately to dismiss the Complaint for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. Rule 12(b)(6), and for reimbursement of legal fees and expenses under 28 U.S.C. § 1927.

      For the reasons set forth below, the Court grants defendants' motions [10, 13] and dismisses plaintiff's claims with prejudice.[1]

---

[1] Because the Court is dismissing this action with prejudice, it is not necessary for the Court to address the defendants' motion to strike plaintiff's so-called "Amended Complaint," filed with his opposition papers on December 8, 2005.  The Court notes, however, that plaintiff has not received leave from this Court to amend his complaint, *see* Fed. R. Civ. Proc. 15(a), and thus his submission of an amended complaint was improper.

**BACKGROUND**

The following undisputed facts are taken from plaintiff's Complaint and from prior court proceedings of which the Court may take judicial notice.  Plaintiff brings this action against his former wife, defendant Mary R. Davey, and her sister, defendant Regina A. Dolan, due to events stemming from dissolution of his marriage.  Plaintiff and Mary Davey were married and resided together as husband and wife until June 21, 2000. (Compl. ¶ 10.)  On June 21, 2000, Mary Davey telephoned the police to report an alleged incident of domestic violence.  (*See* Compl. ¶¶ 41, 50.)  Plaintiff was arrested as a result of this incident.  (*See* Compl. ¶¶ 54, 56.)

As a result of this arrest, on or about July 7, 2000, Mary Davey obtained a temporary order of protection from New York Family Court excluding plaintiff from the marital household and from contact with his minor children.  (*See* Compl. ¶ 76.)  The criminal charges against plaintiff were dropped on July 10.  (*Id.*)

Mary Davey instituted divorce proceedings against plaintiff on July 14, 2000. *Davey v. Davey*, N.Y. Sup. Ct. Westchester Cty. Index No. 10437/00, Complaint July 14, 2000.  The issue of fault in the divorce was tried before Acting Justice Bruce E. Tolbert in a jury trial from January 29 to February 1, 2001.  Justice Tolbert granted a directed verdict in Mary Davey's favor.  The decision was reversed by the Appellate Division on April 1, 2002.  *Davey v. Davey*, 739 N.Y.S.2d 629 (N.Y. App. Div. 2002).  The issue of fault was tried again in June 2002 before Justice J. Emmett Murphy from June 3 to June 11, 2001, and resulted in a unanimous jury verdict for Mary Davey.

Plaintiff alleges that Mary Davey gave contradictory testimony during the two trials and that her testimony is therefore perjurious.  Plaintiff has attached the testimony in question to his Complaint as exhibits.  (Compl. Exs. A, B).  Mary Davey maintains

that her answer at the original trial was sardonic and that plaintiff is misreading her testimony.

The remainder of the divorce action proceeded over the next several years, and on July 6, 2004, the New York Supreme Court, Acting Justice Fred L. Shapiro, entered a final judgment of divorce. *Davey v. Davey*, No. 10437/00 (New York Sup. Ct. Westchester Cty. July 12, 2004) (Kelly Decl., Nov. 3, 2005, Ex. 2). This decision was affirmed by the Appellate Division on May 13, 2005. *Davey v. Davey*, No. M25321 (N.Y. App. Div. May 13, 2005) (Davey Reply Aff., Ex. 3). The plaintiff then proceeded to sue the divorce judge, Justice Shapiro, and the State of New York in the New York Court of Claims. The Court of Claims dismissed the claim against Justice Shapiro for lack of subject matter jurisdiction and dismissed the claim against New York State under the doctrine of judicial immunity on July 14, 2005. *Davey v. New York*, No. 110503 (N.Y. Ct. Cl. July 14, 2005) (Kelly Decl., Nov. 3, 2005, Ex. 13). This decision was affirmed by the Appellate Division on July 8, 2006. *Davey v. State of New York*, 817 N.Y.S.2d 918 (N.Y. App. Div. 2006)

On November 30, 2001, while the divorce action was still pending, plaintiff filed a collateral complaint nearly identical to the instant Complaint against Mary Davey, her brother Kevin J. Dolan, her attorneys Mary F. Kelly and Bruce Bendish, and their respective law firms. *Davey v. Dolan*, N.Y. Sup. Ct. New York Cty. Index No. 112002/01, Complaint Nov. 30, 2001 (hereinafter, "November 2001 Action") (Kelly Decl., Nov. 3, 2005, Ex. 3). That complaint, like the instant one, alleged that Mary Davey made false statements to police officers leading to plaintiff's arrest for domestic assault, that she did so in order to gain an advantage in planned divorce proceedings, and that her testimony at the two trials was contradictory and perjurious. Additionally, the

complaint sought relief against Kevin Dolan for aiding Mary Davey during the incidents surrounding plaintiff's arrest and divorce and for testifying against him at trial.  The complaint sought relief in the sum of two million dollars.

On April 19, 2002, the New York County Supreme Court held that Bruce Bendish and his firm, while named in the caption, were never properly added as parties.  *Davey v. Dolan*, No. 112002/01 (N.Y. Sup. Ct. New York Cty. Apr. 19, 2002) (Kelly Decl., Nov. 3, 2005, Ex. 6; Tompkins Decl., Ex. B.).  The court also dismissed the claims against Kevin Dolan in the November 2001 Action, holding that there was no cognizable cause of action against Kevin Dolan for testifying against plaintiff at trial or for aiding his sister during her divorce.  The court likewise dismissed plaintiff's claims against Mary Kelly and her firm for failure to state a cognizable cause of action.  The court's decision was affirmed by the Appellate Division on September 4, 2003.  *Davey v. Dolan*, 764 N.Y.S.2d 181 (N.Y. App. Div. 2003) (Kelly Decl., Nov. 3, 2005, Ex. 8; Tompkins Decl., Ex. C).  On April 26, 2006, the Westchester County Supreme Court, Justice Nicholas Colabella, granted summary judgment for Mary Davey, the sole remaining defendant in the November 2001 Action.  *Davey v. Dolan*, No. 7000-03 (N.Y. Sup. Ct. Cty. of Westchester Apr. 26, 2006).

On September 15, 2003, plaintiff sued Mary Kelly, Bruce Bendish, and their firms again, this time alleging "false arrest, malicious prosecution, abuse of process, defamation, fraud, etc."  *Davey v. Bendish*, N.Y. Sup. Ct. New York Cty. Index No. 116183/03 (hereinafter "September 2003 Action").

On December 11, 2003, plaintiff decided to try yet again against the Dolan family, filing a second collateral complaint Mary Davey's sister Regina Dolan and his own son Keith P. Davey, and bringing additional claims against Bruce Bendish and his

firm. *Davey v. Bendish*, N.Y. Sup. Ct. New York Cty. Index No. 109975/03, Complaint

Dec. 11, 2003 (hereinafter "December 2003 Action"). The complaint alleged that Keith

Davey and Regina Dolan had aided and enabled Mary Davey during plaintiff's arrest and

divorce proceeding. Plaintiff apparently got more ambitious; this complaint sought relief

in the amount of five million dollars.

On April 2, 2004, the Supreme Court, Justice Joan A. Madden, dismissed Regina

Dolan from the December 2003 Action because of plaintiff's failure to properly serve the

defendant. *Davey v. Bendish*, No. 109975/03 (N.Y. Sup. Ct. New York Cty. Apr. 2,

2004), *appeal dismissed* by Order dated May 17, 2005 (App. Div. 1st Dep't 2005)

(Tompkins Decl., Ex. D, E).

On July 12, 2004, Justice Madden dismissed Kelly and her firm from the

September 2003 Action and dismissed Bruce Bendish and his firm from the December

2003 Action on res judicata and collateral estoppel grounds, citing the previous actions

that plaintiff had brought against them and the complaint's failure to state a cause of

action against them. Justice Madden further ordered that plaintiff obtain permission from

the court before bringing any further litigation related to this matter. *Davey v. Bendish*,

No. 116183/03 (N.Y. Sup. Ct. New York Cty. July 12, 2004) (Kelly Decl., Ex. 9); *Davey

v. Bendish*, No. 109975/03 (N.Y. Sup. Ct. New York Cty. July 12, 2004).

On September 8, 2004, Justice Madden dismissed Keith Davey, the sole

remaining defendant in the December 2003 Action, because of plaintiff's failure to state a

cause of action against Davey. Justice Madden also found that the suit against Keith

Davey was barred by collateral estoppel, noting that plaintiff had a full and fair

opportunity to litigate his issues in his earlier suit against Kevin Dolan and had failed to

state a cognizable cause of action then as well. Justice Madden ordered once again that

plaintiff be required to obtain leave of the court before bringing any further litigation. *Davey v. Bendish*, No. 109975/03 (N.Y. Sup. Ct. New York Cty. Sept. 8, 2004).

In September of 2005, in violation of the earlier order by Justice Madden barring plaintiff from bringing further litigation without leave of the court, plaintiff filed a third complaint against Mary Kelly, her law firm, and the purchaser of the Daveys' marital residence. *Davey v. Kelly*, New York Sup. Ct. New York Cty. Index No. 117426/2005, Complaint Sept. 2005. The claims against Kelly and her firm alleged the same causes of action as those brought in previous suits. On March 10, 2006, the New York County Supreme Court found that the claims against Kelly and her firm were barred by res judicata and ordered a hearing to determine the amount of costs, attorneys' fees, and sanctions to be imposed on plaintiff. *Davey v. Costello*, No. 602139/05 (N.Y. Sup. Ct. New York Cty. Mar. 10, 2006).

On August 12, 2005, plaintiff brought the instant suit against Regina Dolan and Mary Davey in federal court, seeking seven million dollars in damages for wrongs arising from the events surrounding his divorce. On November 4, 2005, defendants moved separately to dismiss the Complaint for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. Rule 12(b)(6), and for reimbursement of legal fees and expenses under 28 U.S.C. § 1927.

## DISCUSSION

### 1.      Plaintiff's Claims Against Regina Dolan

Under the Federal Rules of Civil Procedure, a complaint must set out a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P.

8(a).  Plaintiff's long and rambling complaint has not made out any cognizable claims for which he is entitled to relief.  While the "complaint of a pro se litigant is to be liberally construed in his favor," and such "litigants may in general deserve more lenient treatment than those represented by counsel," *United States v. Ben-Shimon*, 249 F.3d 98, 103 (2d Cir. 2001), plaintiff here is also a member of the New York bar and his papers will be viewed accordingly.  *See, e.g.*, *Lascaris v. Griffin Investigations, Inc.*, No. 03 Civ. 2172 (JAG), 2006 U.S. Dist. LEXIS 520, 2006 WL 54342, at *3 (D.N.J. Jan. 10, 2006) (denying pro se litigant's motion for leave to file a second amended complaint, as, "while . . . courts tend to be lenient in permitting pro se litigants to amend complaints, Plaintiff is also a lawyer admitted to practice in New York").  As such, his Complaint must be dismissed.

Plaintiff's Complaint makes out no cognizable claim against defendant Regina Dolan.  Plaintiff accuses Regina Dolan of aiding and supporting her sister, defendant Mary Davey, during the latter's filing of criminal assault charges against plaintiff and her subsequent divorce proceedings against him.  To the extent that plaintiff is bringing an action for alienation of affections, he has no claim; New York has abolished all claims for alienation of affections by statute.  N.Y. Civ. Rights Law § 80-a; *see also, e.g.*, *Sahid v. Chambers*, 655 N.Y.S.2d 20 (N.Y. App. Div. 1997).  To the extent that plaintiff is bringing an action for Regina Dolan's testimony against plaintiff at his divorce trial, he has no claim; any testimony given in the course of a judicial proceeding is "absolutely privileged if it is at all pertinent to the litigation."  *See, e.g.*, *Mosesson v. Jacob D. Fuchsberg Law Firm*, 683 N.Y.S.2d 88, 89 (N.Y. App. Div. 1999) (citing *Yousman v. Smith*, 47 N.E. 265, 266–67 (N.Y. 1897)).  To the extent that plaintiff is alleging that Regina Dolan conspired with Mary Davey to have plaintiff arrested on false charges of

assault in order to manufacture grounds for a divorce, he has no claim; his allegations are wholly conclusory and as such are insufficient to sustain a complaint.  *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1286 (2004) ("[A] pleader's conclusory allegations of law, unsupported factual assertions, and unwarranted inferences do not have to be accepted by the federal court as true, particularly on a Rule 12(b)(6) motion to dismiss."); *Donini Int'l. v. Satec LLC*, No. 03 Civ. 9471 (CSH), 2004 U.S. Dist. LEXIS 13148, 2004 WL 1574645, at *3–*4 (S.D.N.Y. July 13, 2004) (citing *Elec. Commc'n Corp. v. Toshiba Am. Consumer Prods., Inc.*, 129 F.3d 240, 243 (2d Cir. 1997)) (dismissing a conspiracy claim against a defendant based solely on conclusory allegations).

Twice already, New York courts have already held that, even liberally construed, there is no cognizable cause of action against the relatives of Mary Davey for providing such aid and support.  *Davey v. Dolan*, N.Y. Sup. Ct. New York Cty. Index No. 112002/01, Order Apr. 19, 2002, *aff'd* 764 N.Y.S.2d 181 (N.Y. App. Div. 2003); *Davey v. Bendish*, N.Y. Sup. Ct. New York Cty. Index No. 109975/03, Order Sept. 8, 2004. Plaintiff has failed to allege any cognizable claim upon which relief can be granted in two prior lawsuits against the Dolan family and his own son in state court; his third attempt in federal court is equally lacking.  *See* 5 Wright & Miller, *supra*, at § 1286 ("[T]he [federal pleading] rule does not require the district court to fabricate a claim that a plaintiff has not spelled out in the complaint.")  The Court dismisses plaintiff's complaint against Regina Dolan for failure to state a cognizable claim.

2.      **Plaintiff's Claims Against Mary Davey**

Under the doctrine of res judicata, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata constitutes an absolute bar "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1463 (2d Cir. 1996) (quoting *Nevada v. United States*, 463 U.S. 110, 129–30 (1983)). Even though res judicata is an affirmative defense, it can be upheld on a Rule 12(b)(6) motion if it is clear from the face of the complaint that the plaintiff's claims are barred. *See Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992).

Plaintiff has been involved in long and contentious divorce proceedings against Mary Davey. A final judgment of divorce was entered on July 6, 2004 and affirmed by the Appellate Division on May 13, 2005. *Davey v. Davey*, No. M25321 (N.Y. App. Div. May 13, 2005) (Davey Reply Aff., Ex. 3). Any claims plaintiff has with regard to the sale of the marital home, Mary Davey's role in his arrest, inconsistencies in Mary Davey's testimony as to the cause of the divorce, and so on, were or could have been litigated as part of the divorce proceedings. "[A] final judgment of divorce issued by a court having both subject matter and personal jurisdiction has the effect of determining the rights of the parties with respect to every material issue that was actually litigated or might have been litigated." *Rainbow v. Swisher*, 527 N.E.2d 258, 260 (N.Y. 1988); *see also Partlow v. Kolupa*, 509 N.E.2d 327 (N.Y. 1987). Furthermore, plaintiff brought and lost a collateral suit against Mary Davey claims in state court. *See Davey v. Dolan*, No. 7000-03 (N.Y. Sup. Ct. Cty. of Westchester Apr. 26, 2006). Plaintiff brought claims

against her for intentional libel, slander per se, libel per se, intentional and/or negligent infliction of mental, psychiatric, and physical distress, malicious prosecution, abuse of process, false arrest, false imprisonment, deprivation of civil rights, and other wrongs arising out of the divorce proceedings.  The New York Supreme Court granted summary judgment for Davey in all respects.  *Id.*

Plaintiff either has litigated or could have litigated all matters against Mary Davey concerning her motives as to the divorce, the events surrounding plaintiff's arrest, her allegedly contradictory testimony as to the cause of her divorce, and the like.  He cannot relitigate these issues in a different forum.  As such, his claims are barred by res judicata.

### 3.    **Injunctive Order**

Under the All Writs Act, 28 U.S.C. § 1651, a district court may sanction a prolific litigant who abuses the judicial process by repeatedly suing defendants on meritless grounds and enjoin him from pursuing future litigation without leave of the court.  *Toro v. Depository Trust Co.*, No. 97 Civ. 5383 (SAS), 1997 U.S. Dist. LEXIS 19289, 1997 WL 752729, at *4 (S.D.N.Y. Dec. 4, 1997) (citing cases); *Gabrelian v. Acampora*, No. 90 Civ. 3234, 1991 U.S. Dist. LEXIS 18262, 1991 WL 626724, at *3 (E.D.N.Y. Dec. 11, 1991) (citing cases); *see also Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997) (per curiam) (affirming injunction issued to plaintiff who continually filed repetitive actions); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984) (citing *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981) ("The United States Courts are not powerless to protect the public, including litigants . . . from the depredations of those . . . who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.")).  An injunctive order is the proper

method to prevent further undue burdens on judicial resources and hapless defendants. *Gabrielian*, 1991 WL 626724, at *3.  A district court may enjoin a litigant from filing future lawsuits even if he has only filed one federal action if he has repeatedly pursued the same claims in state courts.  *See Toro*, 1991 WL 626724, at *5 n.8 (citing cases).

In determining whether or not to restrict a litigant's future access to the courts, the district court should consider:  "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."  *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).  "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system."  *Hong Mai v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted).

An injunction here is proper.  First, plaintiff has a history of vexatious litigation with respect to issues arising out of the dissolution of his marriage.  Plaintiff has sued not only his ex-wife Mary Davey in a collateral proceeding:  He has sued her brother, her sister, and his own son.  He has sued Mary Kelly—his ex-wife's attorney—and her firm in three separate proceedings; after the state court dismissed his second suit for failure to state a claim, he proceeded to sue them again, causing the court to order the plaintiff to obtain permission from the court before commencing any further litigation "related to this matter."  Despite this order, plaintiff sued Mary Kelly and her firm a third time, leading

the judge to call the plaintiff's conduct "frivolous" and to order a hearing on costs, attorney's fees, and sanctions.  *Davey v. Costello*, No. 602139/05 (N.Y. Sup. Ct. New York Cty. Mar. 10, 2006).  Plaintiff also sued the divorce judge and, just for completeness, sued New York State.  No court has found any merit in any of plaintiff's suits.

Second, plaintiff cannot have had an objective good faith expectation of prevailing in this case.  He knew or should have known that there was a substantial likelihood that his claim against Mary Davey would be dismissed pursuant to the doctrine of res judicata, and, that to the extent his claim against Regina Dolan addressed issues not litigated in other forums, there was no legal basis for his complaint against her.  Third, although pro se status weighs against an injunction, *see Iwachiw v. New York City Bd. of Educ.*, 194 F. Supp. 2d 194, 208 (E.D.N.Y. 2002), plaintiff here is an attorney.  Fourth, plaintiff has caused needless expense to Davey and to a lesser extent Dolan—in duplicitous litigation and "continues to burden unnecessarily numerous courts and their personnel, . . . as the facts in the instant complaint essentially arise out of the same facts in a number of previous actions."  *Ulysses I & Co. v. Feldstein*, No. 01 Civ. 3102 (LAP), 2002 U.S. Dist. LEXIS 14541, 2002 WL 1813851, at *14 (S.D.N.Y. 2002), *aff'd Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 30 (2d Cir. 2003).  "Fifth, it does not appear that any other sanction short of an injunction will be adequate to protect the courts and other parties from [plaintiff's] insatiable appetite" for further litigation arising out of the divorce.  *Id.*

For the foregoing reasons, plaintiff is hereby permanently enjoined from (1) pursuing further federal litigation that in any way relates to any matter arising out of his matrimonial dispute without first obtaining the authorization of the District Court, and (2)

pursuing further state litigation that in any way relates to any matter arising out of his matrimonial dispute without appending this Court's opinion and order of injunction to his first filings.

### 4.   <u>Legal Fees</u>

Both defendants have motioned for attorney's fees and expenses pursuant to 28 U.S.C. § 1927.  Section 1927 states, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  An imposition of a sanction under § 1927 requires a "clear showing of bad faith" and is proper when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.  *Schoenberg v. Shapolsky Publishers*, 971 F.2d 926, 935 (2d Cir. 1992); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986); *see also Aller v New York Bd. of Elections*, 586 F. Supp. 603, 607 (S.D.N.Y. 1984) (levying sanctions where plaintiffs filed a complaint in federal court involving the same claims that had already been fully litigated in state court).  Sanctions include the awarding of attorney's fees, and may be imposed under this section against a plaintiff who appears pro se if the plaintiff is himself a lawyer.  *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992).  Besides relying on § 1927, district courts may rely on their "inherent authority to sanction parties appearing before it for acting in bad faith vexatiously, wantonly, or for oppressive reasons." *Id.* (citing *Chambers v. NASCO*, 501 U.S. 32, 44 (1991)).

Here, sanctions are appropriate because plaintiff's claims against Davey and Dolan are completely without merit.  Based on the prior dispositions of his repeated state court proceedings, plaintiff knew or should have known that he was "altogether precluded from recycling those same claims in federal court."  *Id.*; s*ee Lipin v. Nat'l Union Fire Ins. Co.*, 202 F. Supp. 2d 126, 140 (S.D.N.Y. 2002) (upholding sanctions and holding that bad faith and an intent to harass can be inferred from repetitive, restated lawsuits where the plaintiff knew that claims were precluded by collateral estoppel). Given the outcome of his prior cases against members of Davey's family, plaintiff also should have known that bringing identical, conclusory allegations against Regina Dolan had no possibility of prevailing on the merits.  *Cohen v. Bane*, 853 F. Supp. 627, 630 (E.D.N.Y. 1994) (levying sanctions where plaintiff's claims were mere reformulated conspiracy theories, and plaintiff's attorney could easily have determined the likely success by examining the case law and considering the fact that many of the claims were barred by res judicata).  Furthermore, plaintiff has continued to bring repetitive suits despite a state court order barring him from commencing such litigation, further evidencing his bad faith and his intent to harass the parties.

"An attorney whom the court proposes to sanction must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges."  *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997); *see also Roadway Exp. Inc. v. Piper*, 447 U.S. 752, 767 ("Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.").  Here, plaintiff was notified of the defendants' request for

sanctions under § 1927 in their respective memoranda and had an opportunity to respond in his reply motion.  He has therefore received fair notice and an opportunity to be heard. *See In re Auction Houses*, 2004 WL 2624896, at *4 (S.D.N.Y. Nov. 18, 2004) (Ellis, M.J.) (citing *Vishipco Line Co. v. Charles Schwab & Co.*, 2003 WL 1345229, at *10 (S.D.N.Y. Mar. 19, 2003) (upholding § 1927 claim for sanctions after noting that opposing party's opposition papers "neither oppose nor even refer" to sanctions); *D'Ascoli v. Roura & Melamed*, No. 02 Civ. 2684, 2003 U.S. Dist. LEXIS 21591, 2003 WL 22019730, at *3 (S.D.N.Y. Aug. 6, 2003) (Ellis, M.J.) (upholding § 1927 claim for sanctions after opposing party failed to respond to motion for sanctions or court's telephone call inquiring as to his response), *report and recommendation adopted on other grounds*, 2003 U.S. Dist. LEXIS 19080, 2003 WL 22439648 (S.D.N.Y. Oct. 23, 2003) .

Given the utter lack of merit of plaintiff's claims, his vexatious litigation history, and the fact that he has continually and continues to file repetitive suits despite prior court orders, the Court can only reasonably conclude that his actions were "undertaken for some improper purpose," namely to continually harass the defendants.  Accordingly, pursuant to 28 U.S.C. § 1927 and its inherent authority, the Court orders plaintiff to pay the reasonable costs, expenses, and attorneys' fees incurred by the defendants in responding to this action.

## CONCLUSION

For the reasons noted, the Court grants defendants' motions [10, 13] and dismisses plaintiff's claims with prejudice.  The Clerk is requested to close this case.

Plaintiff if hereby permanently enjoined from (1) pursuing further federal litigation that in any way relates to any matter arising out of his matrimonial dispute

without first obtaining the authorization of the District Court, and (2) pursuing further state litigation that in any way relates to any matter arising out of his matrimonial dispute without appending this Court's opinion and order of injunction to his first filings.

Furthermore, plaintiff is subject to sanctions pursuant to 28 U.S.C. § 1927. To facilitate the court's determination of the proper amount of sanctions plaintiff must pay, defendants are directed to submit affidavits setting forth the reasonable expenses incurred by them in defending this action, including reasonable attorney's fees, within twenty (20) days of this order, keeping in mind that an assessment of attorney's fees "requires more than simply a report of the number of hours spent and the hourly rate." *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1315 (2d Cir. 1993). Plaintiff is granted leave to submit information regarding his financial resources and any other information he deems to be particularly relevant to the issue of sanctions within twenty (20) days of defendants' submission. *See In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 131 (S.D.N.Y. 1999).

SO ORDERED

Dated: New York, New York
September 26, 2006

Richard J. Holwell
United States District Judge

16