UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER F. DAVEY,

                     Plaintiff,

       -against-

REGINA A. DOLAN and MARY R. DAVEY,

                     Defendants.

05 Civ. 5513 (RJH)

**MEMORANDUM OPINION AND ORDER**

      Pro se plaintiff Peter F. Davey has filed a motion for reconsideration of the Court's Memorandum Opinion and Order dated September 26, 2006, in which the Court granted defendants' motions to dismiss, enjoined plaintiff from pursuing related actions, and found plaintiff subject to sanctions pursuant to 28 U.S.C. § 1927. *See Davey v. Dolan*, 453 F. Supp. 2d 749 (S.D.N.Y. 2006). In addition, at the direction of the Court, defendants have filed affidavits setting forth the fees and expenses incurred by them in defending this action. For the reasons set forth below, the Court denies plaintiff's motion for reconsideration [22] and orders plaintiff to pay sanctions.

**I.     Motion for Reconsideration**

      Local Civil Rule 6.3 of this court provides, in pertinent part, that a notice of motion for reconsideration or reargument "shall be served with . . . a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. . . . No oral argument shall be heard unless the court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court." "Thus, to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked

controlling decisions or factual matters that were put before it on the underlying motion . . . . [A] party may not 'advance new facts, issues or arguments not previously presented to the Court.'" *Hamilton v. Garlock, Inc.*, 115 F. Supp. 2d 437, 438–39 (S.D.N.Y. 2000).  A motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Initial Pub. Offering Antitrust Litig.*, No. 01 Civ. 2014 (WHP), 2004 U.S. Dist. LEXIS 6248, 2004 WL 789770, at *1 (S.D.N.Y. Apr. 13, 2004) (quoting *Yurman Design Inc. v. Chaindom Enterprises, Inc.*, No. 99 Civ. 9307 (JFK), 2003 WL 22047849, at *1 (S.D.N.Y. Aug. 29, 2003)).  The decision to grant or deny a motion such as the one before the Court is within the sound discretion of the Court.  *Id.*

In the instant case, plaintiff attempts to reargue the very same issues considered by this Court in its Opinion.  The Court dismissed plaintiff's claims against Regina Dolan because the Court could find no legal theory that would support his claims against her.  Although plaintiff complains that the Court "misapprehended plaintiff's Complaint" (Mot. for Reconsideration 8), plaintiff again fails to identify any cognizable claim and merely accuses Dolan generally of "enabling, aiding, financing Mary Davey's specified actions, wrongs and crimes against" him. (*Id.*)  Plaintiff argues that his claims against Mary Davey, including his perjury allegations, are not barred by res judicata, but he fails to explain why these issues were not or could not have been fully litigated in the divorce proceedings against Mary Davey or in the collateral suit against Mary Davey in state court.

The Court also reaffirms its finding that, "[g]iven the utter lack of merit of plaintiff's claims, his vexatious litigation history, and the fact that he has continually and continues to file repetitive suits despite prior court orders," an injunction prohibiting plaintiff from pursuing related litigation is proper.  *See Davey*, 453 F. Supp. 2d at 758.  With respect to plaintiff's claims

2

against Mary Davey, plaintiff knew or should have known that he was "altogether precluded from recycling those same claims in federal court." *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992). With respect to his claims against Dolan, given the outcome of his prior cases against members of Davey's family, plaintiff should have known that bringing identical, conclusory allegations against Dolan had no possibility of prevailing on the merits. *See Cohen v. Bane*, 853 F. Supp. 627, 630 (E.D.N.Y. 1994). For similar reasons, the Court reaffirms its finding that the imposition of sanctions pursuant to 28 U.S.C. § 1927 is proper in this case.[1]

## II. Amount of Sanctions

The Court's ruling on defendants' motion for sanctions pursuant to 28 U.S.C. § 1927 provided that reasonable costs, expenses, and attorneys' fees incurred by the defendants in responding to this action would be awarded. *See Davey*, 453 F. Supp. 2d at 758. To facilitate the Court's determination of the amount of sanctions, the Court directed defendants to submit affidavits setting forth their expenses within twenty days of the Order, which defendants did. The Court also granted plaintiff leave to submit information that he deemed relevant to the issue of sanctions. Plaintiff responded by asking the Court to consider the alleged inequities of the

---

[1] Even now, after this Court has granted defendants' motion for sanctions, plaintiff continues to make disingenuous arguments to the Court. For instance, plaintiff states several times that the Court erred in stating that plaintiff sued the divorce judge, Judge Shapiro. (*See, e.g.,* Mot. for Reconsideration 5, 11; Pl.'s Letter to the Court, Apr. 4, 2007.) In fact, plaintiff filed an action in the Court of Claims in 2005, accusing Judge Shapiro of judicial bias and demanding that his decisions pertaining to the marital residence, and others pertaining to equitable distribution, be overturned. The Court of Claims amended the caption of the Complaint "*sua sponte* to reflect the only proper defendant" and ruled that "the only proper defendant in this Court is the State of New York. Individuals cannot be sued in this Court. Thus, the claim against Justice Shapiro individually is dismissed for lack of subject matter jurisdiction." *See Davey v. New York*, No. 110503 (N.Y. Ct. Cl. July 14, 2005) (Kelly Decl., Nov. 3, 2005, Ex. 13), *aff'd* 31 A.D.3d 600, 817 N.Y.S.2d 918 (N.Y. App. Div. July 8, 2006). In any event, there is ample evidence in the record that plaintiff has "so multiplie[d] the proceedings . . . unreasonably and vexatiously" that sanctions are appropriate. *See id.* at 757 (quoting 28 U.S.C. § 1927).

divorce settlement—yet another attempt to engage the Court in the merits of his claims against Mary Davey.

In any event, the Court has reviewed defendants' submissions and finds that the proposed amounts are quite reasonable given the utter lack of merit of plaintiff's claims and his evident intent to harass defendants. Mary Davey requests reimbursement of the attorneys' fees incurred by her in this action in the amount of $8,482.50 and expenses in the amount of $117.49. Dolan requests reimbursement of attorneys' fees in the amount of $8,000 and expenses in the amount of $167.20. The Court finds that these attorneys' fees are reasonable, given the experience and credentials of counsel and the time necessary to brief the motions to dismiss. Accordingly, the Court orders plaintiff to pay $8,599.99 to Mary Davey and $8,167.20 to Dolan.

## CONCLUSION

Plaintiff's application [22] is denied. The Court, having found that plaintiff unreasonably and vexatiously multiplied these proceedings in violation of 28 U.S.C. § 1927, hereby ORDERS that Peter F. Davey shall personally reimburse defendants Mary Davey and Regina Dolan for the attorneys' fees and costs reasonably incurred in this matter in the amount of $8,599.99 to Mary Davey and $8,167.20 to Regina Dolan within ten business days of the date hereof.

SO ORDERED

Dated: New York, New York
August 3, 2007

Richard J. Holwell
United States District Judge